IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Doe and Jane Doe, on behalf of their daughter, Janie Doe, ) ) ) | CASE NO.: 4:23-cv-03660-JD |
| Plaintiffs, ) ) | |
| ) | **ORDER AND OPINION** |
| vs. ) ) | |
| Horry County Schools, ) ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiffs John Doe and Jane Doe, on behalf of their daughter, Janie Doe ("Plaintiffs") Motion for Default Judgment and Request for Hearing on Damages pursuant to Rule 55 of the Federal Rules of Civil Procedure. (DE 15.) Defendant Horry County Schools ("Defendant" or "HCS") filed a response in opposition to the motion, and the motion is ripe for review and decision. For the reasons set forth herein, Plaintiffs' motion is denied.

### **BACKGROUND**

Plaintiffs originally filed a complaint in this matter on June 16, 2023, in the Court of Common Pleas, Horry County, South Carolina. Counsel for HCS accepted service of the lawsuit, and counsel entered a notice of appearance and removed the case to this Court. Although no responsive pleading was filed by Defendant, nor did counsel request an extension to allow Defendant to otherwise plead, Defense counsel filed Local Rule 26.01 Answers to Interrogatories (DE 3), served discovery requests on Plaintiffs (DE 16, p. 2), prepared and filed a consent confidentiality agreement (DE 6), and indicated its intent to litigate in settlement negotiations (DE 17).

1

Thereafter, on January 17, 2024, without any prior notice to HCS, Plaintiffs filed a Request for Entry of Default, along with an affidavit from Plaintiff's counsel. (DE 12.) Plaintiffs' counsel's affidavit indicates, "[m]ore than thirty days have passed within which Defendant may file a responsive pleading as set forth in Rule 12(a)(4) of the Federal Rules of Civil Procedure," but counsel does not aver that HCS failed to otherwise defend the lawsuit. On the same dates as Plaintiffs' Request for Entry of Default, the Clerk of Court entered its Entry of Default. (DE 13.) Also on the same day, Plaintiffs filed the instant Motion for Default Judgment and Request for Hearing on Damages. (DE 15.) The next day, HCS filed its response in opposition to the Motion for Default Judgment, which also sought to set aside the Clerk's Entry of Default.[1] (DE 16.)

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides that a party must apply to the Court for a default judgment when the claim is not for a sum certain. *See* Fed. R. Civ. P. 55(b)(2). The court may hold a hearing if it needs to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. *See id.* Default judgment may only be entered after entry of default. *See* Fed. R. Civ. P. 55(a). By entry of default, the defendant is deemed to have "admit[ted] the plaintiffs well-pleaded allegations of fact." *Ryan v. Homecomings Fin. Network*, 253 F.3d 779, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Thus, on a motion for default judgment, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 737 (E.D. Va. 2014) (quoting *Anderson v. Found, for Advancement, Educ. & Emp. of Am.*

---

[1] While HCS opposes the motion for default judgment, it has not formally moved to set aside the entry of default. *See* Rule 55(c) Fed R. Civ. P. ("The court may set aside an entry of default for good cause, . . . .") Nevertheless, the Court will apply Rule 55(c) to resolve this matter.

*Indians*, 187 F.3d 628 (4th Cir. 1999) (unpublished opinion)). "There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc. v. Pernites*, 200 Fed. Appx. 257, 258 (4th Cir. 2006). The Court may test this sufficiency by the Rule 12(b)(6) standard. *See Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

## DISCUSSION

Although Defendant failed to file an answer or otherwise respond to the complaint upon its removal of this action, Defendant contends it has otherwise defended the lawsuit and that it has tendered a meritorious defense to Plaintiffs' complaint, such that default judgment is inappropriate. (*See* DE 16, pp. 2-3.) "Rule 55 of the Federal Rules of Civil Procedure provides that a court may, 'for good cause shown,' set aside an entry of default. The disposition of motions made under Rule[]55(c) …is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court. When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) (internal citations omitted.)

The Court finds that under the circumstances of this matter, including the communications and actions of the parties and the prompt response of Defendant to Plaintiffs' filing for default judgment, good cause exists to set aside the default. Here, Defense counsel filed Local Rule 26.01 Answers to Interrogatories (DE 3), served discovery requests on Plaintiffs (DE 16, p. 2), prepared and filed a consent confidentiality agreement (DE 6), and indicated its intent to litigate in settlement negotiations at mediation (DE 17). Since the Court finds good cause exists, the entry

of default is set aside. That said, Plaintiffs' Motion for Default Judgment is denied because it is moot.

## **CONCLUSION**

For the foregoing reasons, the Court denies Plaintiffs' Motion for Default Judgment (DE 15) and sets aside the Clerk's entry of default (DE 13).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

June 12, 2024
Florence, South Carolina